The Law Office of Richard St. Paul, Esq., PLLC
Richard St. Paul, Esq.
445 Hamilton Avenue, Suite 1102
White Plains, New York 10601
Telephone: (914) 517-7568
Facsimile: (914) 517-7569
Attorneys for Plaintiff
Scherie S. Murray

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------x
:
SCHERIE S. MURRAY,                                      :
                                                        :          DOCKET NO.  20-3571
                                  Plaintiff,            :
                                                        :          CIVIL ACTION
                                                        :          COMPLAINT
          -against-                                     :
                                                        :
ANDREW CUOMO, as Governor of the State of               :
New York, BOARD OF ELECTIONS IN                         :
THE CITY OF NEW YORK, JOSE MIGUEL ARAUJO,               :
MIGUELINA CAMILO, GINO A. MARMORATO,                    :
MICHAEL MICHEL, SIMON SHAMOUN,                          :
TIFFANY TOWNSEND, JOHN ZACCONE, as                      :
Commissioners, Board of Elections in the City of        :
New York, NEW YORK STATE BOARD OF                       :
ELECTIONS, PETER S. KOSINSKI, DOUGLAS A.                :
KELLNER, ANDREW J. SPANO, as Commissioners,             :
New York State Board of Elections,                      :
                                                        :
                                  Defendants.           :
-----------------------------------------------------------------------x

Plaintiff Scherie S. Murray ("Plaintiff"), by her attorneys, The Law Office of Richard St.

Paul, Esq., PLLC, as and for her Complaint against Defendants: Andrew Cuomo, as Governor of

the State of New York; the Board of Elections in the City of New York; Jose Miguel Araujo,

Miguelina Camilo, Gino A. Marmorato, Michael Michel, Simon Shamoun, Tiffany Townsend,

John Zaccone, as Commissioners of the Board of Elections in the City of New York; the New

York State Board of Elections; and Peter S. Kosinski, Douglas A. Kellner and Andrew J. Spano, as Commissioners of the New York State Board of Elections, alleges as follows:

INTRODUCTION

1.      Plaintiff seeks a declaratory judgment that the denial of an opportunity to ballot and the two week reduction in time permitted to gather signatures to appear on the ballot for this year's congressional primary election, as promulgated by Executive Order No. 202.2 and subsequently ratified by New York State Assembly Bill A10151 and Senate Bill S8058, is unconstitutional, and seeks a permanent injunction against their enforcement on the ground that these requirements, when applied in these extraordinary times of a declared state of emergency arising from the COVID-19 pandemic, creates an undue burden on a prospective candidate's constitutional right to seek elective office.

PARTIES

2.      Plaintiff Scherie S. Murray is an individual residing at 130-46 230th Street, Laurelton, New York 11413.

3.      Defendant, Board of Elections in the City of New York ("BOE"), maintaining a general office (headquarters) at 32 Broadway, New York, New York 10004, in New York County, and a borough office at 1780 Grand Concourse, Bronx, New York 10457, in Bronx County, is charged with the responsibility of supervising the conduct of official elections held in the City of New York, including the duties of receiving and filing designating petitions for public office in political subdivisions located entirely within the City of New York, the review and determination of objections and specifications of objections to such designating petitions, the maintenance of

2

permanent, personal voter registration records in the City of New York, and the preparation of official Primary and General Election ballots for use in the City of New York.

4.      The BOE must apply the provisions of the New York Election Law when rendering determinations on objections and specifications of objections to designating petitions, but has no discretion in doing so, and acts merely in a ministerial capacity in doing so.

5.      Defendants Jose Miguel Araujo, Miguelina Camilo, Gino A. Marmorato, Michael Michel, Simon Shamoun, Tiffany Townsend, John Zaccone, are named in their official capacity as Commissioners of the Board of Elections in the City of New York.

6.      Defendant, New York State Board of Elections, maintaining a general office (headquarters) at 40 North Pearl Street, Albany New York 12207, is charged with the responsibility of supervising the conduct of official elections held in the State of New York, including the duties of receiving and filing designating petitions for public office in political subdivisions located entirely within the State of New York, the review and determination of objections and specifications of objections to such designating petitions, the maintenance of permanent, personal voter registration records in the State of New York, and the preparation of official Primary and General Election ballots for use in the State of New York.

7.      Defendants, Peter S. Kosinski, Douglas A. Kellner and Andrew J. Spano, are named in their official capacity as Commissioners of the New York State Board of Elections.

8.      Defendant Andrew Cuomo, with an office located at 633 3rd Avenue, New York, New York 10017, is the Governor of the State of New York, is charged with the duty of enforcing the constitutionality of New York State statutes, and is named as a Defendant because the

constitutionality of the aforementioned executive order, which he signed on March 14, 2020, and statute is being challenged herein.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), 2201; and 42 U.S.C. § 1983, as this case involves questions of federal law.

10.      Venue is proper in, and Defendants are subject to the personal jurisdiction of, this Court because Defendants maintain facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District, and inasmuch as Defendant BOE maintains an office in New York County, New York State, where its employees review designating petitions.  28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

11.      Plaintiff was born in Jamaica (West Indies) and came to Queens, New York with her family when she was nine years old.

12.      In 2004, Plaintiff founded The Esemel Group Inc. (TEG), a television production and advertising company with a mission to create jobs in the New York City Tri-State area for minorities in media.

13.      In 2009, Plaintiff graduated from the City University of New York (CUNY) with degrees in the field of Micro Computer Business Systems and Broadcast Journalism.  While in college, Plaintiff became a member of the Republican Party.

14.      After forming her company, Plaintiff continued to be active in her community by electing to run for several New York State offices.

4

15.     In 2009, Plaintiff ran for the New York City Council District 31 seat on the Republican line.

16.     In 2013, Plaintiff became the Republican State Committee Woman of the 29th Assembly District for the New York State Republican Party.

17.     In 2015, Plaintiff ran for the New York State Assembly District 29 seat on the Republican line.

18.     Additionally, Plaintiff served as an Executive Officer and Communications Chair for the Queens County Republican Party.  In 2016, Plaintiff served as the New York alternate delegate to the 2016 Republican National Convention for Presidential designee, Donald J. Trump.

19.     In all of her previous races, Plaintiff was supported by the Queens County Republican Party.  As the preferred Republican Party candidate, the party was able to provide its significant resources to meet the onerous ballot access requirements and to help Plaintiff secure enough signatures to get on the ballot.  These resources include, but are not limited to: conducting petition drives; obtaining up-to-date lists of registered voters; providing party workers and volunteers; making signers available at party functions; and providing people to review the ballot petition before it is submitted.

20.     In or about 2017, a new chairperson was elected to the Queens County Republican Party.  Thereafter, John Haggerty became the Executive Director of the Queens County Republican Party and his brother, Bart Haggerty, became the Deputy Chief Clerk of the Queens County Board of Elections.

21.     In or about June 2019 Plaintiff decided to run for United States Congress in New York's 14th Congressional District, which comprises parts of the Counties of Queens and the Bronx and is currently represented by Alexandria Ocasio-Cortez.

22.     In or about late February of 2020, Plaintiff had a meeting with the Queens County Republican Party leadership who encouraged her to run against Congressman Gregory Meeks in New York's 5th Congressional District.  The Queens Republican Party agreed to support Plaintiff if she were to run against Congressman Meeks.

23.     Upon information and belief, the population of New York's 14th Congressional District is approximately 60% minority citizens.  As an immigrant entrepreneur and minority-woman, Plaintiff believed that she had the requisite background, experience, and values to best serve the people of New York's 14th District in Congress.

24.     New York Election Law § 6-118 entitled "Designation and Nomination by Petition" provides that "[e]xcept as otherwise provided by this article, the designation of a candidate for party nomination at a primary election and the nomination of a candidate for election to a party position to be elected at a primary election shall be by designating petition."

25.     New York Election Law §§ 6-122, 6-130, 6-132, 6-134, 6-136 and 6-144 provide the onerous requirements for a prospective candidate to obtain and properly file the required petition (and corresponding signatures) to appear on the primary election ballot.  These requirements include, but are not limited to, specifics concerning the: date; name (how it is written/printed); residence (town/city, abbreviations); that the person signing the petition cannot sign for any other candidate; witness statements that are to be performed (requirements and

identification); signatures must be "wet" as written (and not electronic); and requirements for signatures taken by notaries and commissioners of deeds.

26.     As is evident from the tedious New York Election Law requirements, it is a great asset for a candidate for office to have full party support.

27.     Based on Plaintiff's decision to run in New York's 14th Congressional District, she did not receive Republican Party support.

28.     As a result of losing Republican Party support, Plaintiff was not provided with the benefit of the party's vast resources to assist her in gaining access to the ballot, including, but not limited to, its resources to garner the required number of signatures.  Therefore, Plaintiff had to hire an outside consultant to help her obtain the required number of signatures in order to get on the ballot for the Republican primary election.

29.     In a normal election cycle, candidates who run in Republican primary against the preferred party candidate face a series of challenges including, but not limited to, complying with the aforementioned onerous election law statutes and obtaining enough signatures to get on the ballot.  This is especially true for a Republican candidate seeking office in New York City where Democrats outnumber Republicans by approximately seven to one.

30.     In addition to a host of other technical issues concerning the aforementioned election law statutes that can get a candidate knocked off the ballot, the political party typically objects to the party challenger candidate, making it difficult to get on the ballot despite having been supported by enough voters in the district to warrant ballot inclusion.

31.     Therefore, it is typical for the party challenger to hire help if they can afford it as well as enlist volunteers to assist in obtaining signatures.

7

32.     In the current election cycle, as per the initial BOE petition filing calendar for the June 23, 2020 primary elections, the first day to start collecting petitions (and all signatures) was February 25, 2020 and the final day to circulate designating petitions to gather the required number of signatures was April 2, 2020.

33.     Accordingly, in a normal year (before COVID-19), Plaintiff had only 37 days to gather all the required signatures for the petition process.   Therefore, on or about February 25, 2020, Plaintiff commenced the process of collecting petitions/signatures to gain entry onto the ballot for the primary election which is set to be held on June 23, 2020.

34.     Furthermore, in a normal year, a candidate would have an opportunity to ballot without having to garner party support or seek a major political party line.

35.     In addition to hiring a consultant, in or about the first week of March 2020, Plaintiff's campaign started to recruit volunteers to obtain the required number of signatures to get Plaintiff on the ballot.

36.     During this time, the COVID-19 outbreak took effect.  On March 7, 2020, Governor Cuomo issued Executive Order 202 declaring a State disaster emergency for the entire State of New York.   During this time, numerous other Executive Orders were promulgated concerning COVID-19 in New York, including but not limited to, closing of all non-essential businesses, stay-at-home orders and various social distancing guidelines that were all designed to "flatten the curve", save lives, prevent New York's medical system from being overrun and stem the tide of the pandemic.

37.     On March 14, 2020, due to COVID-19, Governor Cuomo issued Executive Order No. 202.2, which modified certain requirements under the New York Election Law, including, but

not limited to, eliminating the opportunity to petition by ballot in the primary election, and shortening the time period allotted for the petition signature collection process, moving the final day to circulate petitions from April 2, 2020 to March 17, 2020, a difference of over two weeks.

38.     Executive Order 202.2 further called for the reduction of the signature requirement to 1.5% of the active enrolled voters of the political unit or 30% of set state signature thresholds.

39.     These changes were adopted by the Commissioners of the BOE on March 18, 2020 which subsequently issued a revised petition filing calendar.

40.     On March 15, 2020, the New York State Assembly and Senate (in Assembly Bill A10151 and Senate Bill S8058) ratified Executive Order 202.2 (collectively the "NY Bills"). The NY Bills also stated, *inter alia*, that:

> Notwithstanding subdivision 1 of section 6-158 of the election law, a designating petition for the June 2020 primary election shall be filed with the appropriate board of elections on March 17 through March 20, 2020 and the political calendar with respect to objections, acceptances, authorizations, declinations, substitutions and the last day to commence an election law article 16 proceeding shall be adjusted accordingly. Notwithstanding section 6-164 of the election law, there shall be no option to file an opportunity to ballot petition in the June 2020 primary election…This act shall take effect immediately.

41.     Executive Order 202.2 was issued on March 14, 2020, leaving Plaintiff only three (3) more days to gather the mandated signatures required for the petition. Accordingly, with extremely short notice and prejudice, Plaintiff had to hastily gather whatever petitions had been completed. Moreover, due to the shortened time period, Plaintiff's campaign did not have a chance to send any volunteers out to obtain signatures.

42.     By eliminating the opportunity to ballot petition and by shortening the allotted time period for Plaintiff to gather signatures for her petition, Executive Order 202.2 and the NY Bills severely and unduly burdened Plaintiff's constitutional rights to ballot access under the First and Fourteenth Amendments.  The effect of the shortened time period for submission, combined with the stay-at-home orders and mandated social distancing arising from COVID-19, made it impossible and unsafe to get additional signatures and to correct any deficiencies or errors that may have occurred on signatures she'd already obtained.  As is evident, the laws shortening the allotted time to gather petition signatures and eliminating the opportunity to ballot petition were not narrowly tailored to advance a compelling state interest.  As opposed to extending the time period to submit signatures, or removing the "wet" signature requirement (as was done in numerous other states in response to COVID-19), New York incredulously chose to shorten the time period, while at the same time not making any alteration to the "wet" signature requirement. The elimination of the opportunity to ballot petition, shortened time period, onerous election law requirements and COVID-19 stay-at-home orders and social distancing, combined to create an unconstitutional burden on Plaintiff's First Amendment rights to have access to the primary ballot for the upcoming congressional election.

43.     On March 20, 2020, in order to comply with the Governor's Executive Order, Plaintiff hurriedly filed the designating petition with the BOE to ensure that she could secure a spot on the ballot in the primary election to be held on June 23, 2020 as the Republican candidate for the public office of Member of Congress from New York's 14th Congressional District. Plaintiff's petition contained 906 signatures of people who supported her candidacy.

44.     On or about March 23, 2020 and March 30, 2020 Joann Ariola and Kevin J. Hanratty (a member of the Queens Republican Party) filed objections and specifications of objections with the BOE to Plaintiff's submitted petition.

45.     Upon information and belief, Ms. Ariola and Mr. Hanratty were enlisted by the Queens Republican Party to file objections to Plaintiff's petition since she was not the preferred party candidate.

46.     On or about March 23, 2020, the BOE allegedly sent Plaintiff a letter informing her that objections to her petition had been filed.  On or about March 27, 2020, the BOE allegedly sent Plaintiff a corrected letter concerning the objections that had been filed.  Plaintiff did not receive either of these letters from the BOE. The BOE sent both letters to the wrong address.

47.     On or about April 1, 2020, a signed invalidation petition was filed via order to show cause by Darryl Fox, Esq. on behalf of Kevin Hanratty in New York State Supreme Court, Bronx County.  The order to show cause was signed on April 1, 2020 and ordered Mr. Hanratty to mail the invalidation papers by overnight express mail to be delivered on April 2, 2020.  Mr. Hanratty did not send the order to show cause (and all supporting papers) until April 2, 2020, which was the date the papers should have been received.

48.     On or about April 10, 2020, the BOE issued a clerk's report concerning Plaintiff's petition.  Incredibly, the clerk's report found all 906 of the signatures submitted by Plaintiff to be "invalid".  The clerk's report cited numerous purported "reasons for invalidation" of the signatures, including, but not limited to: address illegible; alteration of date/signature; no/wrong address stated; not registered; out of district contest; and not enrolled in party.  The clerk's report also ruled that the number of signatures required for access onto the ballot was 375.

11

49.     On April 21, 2020, the BOE Commissioner (who is typically selected by the Democratic and Republican Party leadership) moved to accept the clerk's report.

50.     A hearing for Plaintiff to challenge the clerk's report was scheduled for April 21, 2020, at 2:00 p.m.  Incredibly, Plaintiff was prevented from challenging the clerk's report because the BOE would not permit Plaintiff's counsel to electronically access the hearing.   Plaintiff's counsel received an email notification containing the date and time of the hearing, as well as instructions that a Notice of Appearance must be filed and emailed. Plaintiff's counsel emailed and filed the required Notice of Appearance. Thereafter, Plaintiff's counsel received a second email notification with call-in instructions for the hearing.  The notification stated that to avoid being locked out, counsel had until 10 minutes after the scheduled hearing time to dial-in.

51.     On April 21, 2020, Plaintiff's counsel dialed into the hearing at 2:00, 2:02, 2:04 and 2:07 p.m.  Despite calling in multiple times before the 10-minute time requirement had passed, Plaintiff's counsel was not permitted to access the hearing, preventing Plaintiff from enforcing her rights to challenge the BOE's findings.

<u>AND AS FOR A FIRST CAUSE OF ACTION</u>

52.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 51 of this Complaint as set forth herein.

53.     The right to vote, to participate in the political process, and to have access to the ballot are fundamental First Amendment rights as applied to the states through the Fourteenth Amendment.

54.     The right to circulate a designating petition for a candidate for office is a

fundamental First Amendment right as applied to the states through the Fourteenth Amendment.

55.     Restrictions on these rights must withstand strict scrutiny, must be justified by a compelling state interest and must be narrowly tailored to achieve their purpose.

56.     As detailed more fully above, by terminating the opportunity to ballot petition and by shortening the allotted time period for Plaintiff to gather signatures for her petition, Executive Order 202.2 and NY Bills severely and unduly burdened Plaintiff's constitutional rights to ballot access under the First and Fourteenth Amendments.  The effect of the shortened time period for submission, combined with the stay-at-home orders and mandated social distancing arising from COVID-19, made it impossible and unsafe to get additional signatures and to correct any deficiencies or errors that may have occurred.  As is evident, the laws eliminating the opportunity to petition by ballot in the primary election and shortening the allotted time to gather petition signatures were not narrowly tailored to advance a compelling state interest.  As opposed to extending the time period to submit signatures, or removing the "wet" signature requirement (as was done in numerous other states in response to COVID-19), New York incredulously chose to eliminate the opportunity to petition by ballot in the primary election and shorten the time period to gather signatures, while at the same time not making any alteration to the "wet" signature requirement.  The elimination of the opportunity to petition by ballot in the primary election, shortened time period, onerous election law requirements and COVID-19 stay-at-home orders and social distancing, combined to create an unconstitutional burden on Plaintiff's First Amendment rights to have access to the primary ballot for the upcoming congressional election.

57.     By reason of the foregoing, Plaintiff demands judgment on the first cause of action for a declaration: (1) that the elimination of the opportunity to petition by ballot in the primary

election and shortened time period for gathering signatures prescribed in Executive Order 202.2 and NY Bills is unconstitutional as a violation of Plaintiff's rights under the First and Fourteenth Amendments of the U.S. Constitution; (2) directing, requiring, and commanding Defendant Board of Elections in the City of New York to print and place the name of Plaintiff as a candidate for said public office on the official ballots used in the 14th Congressional District for the State of New York at the June 23, 2020 Primary Election; and (3) enjoining and restraining the Defendants New York State Board of Elections and Board of Elections in the City of New York from printing, issuing, or distributing for use during the said primary election any and all official ballots used in the 14th Congressional District for the State of New York upon which the name of Plaintiff does not appear as a candidate for the said public office.

<u>AND AS FOR A SECOND CAUSE OF ACTION</u>

58.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 57 of this Complaint as set forth herein.

59.     The right to vote, to participate in the political process, and to have access to the ballot are fundamental First Amendment rights as applied to the states through the Fourteenth Amendment.

60.     The right to circulate a designating petition for a candidate for office is a fundamental First Amendment right as applied to the states through the Fourteenth Amendment.

61.     Restrictions on these rights must withstand strict scrutiny, must be justified by a compelling state interest and must be narrowly tailored to achieve their purpose.

62.     As detailed more fully above, by terminating the opportunity to ballot petition and by shortening the allotted time period for Plaintiff to gather signatures for her petition, Executive

14

Order 202.2 and NY Bills severely and unduly burdened Plaintiff's constitutional rights to ballot access under the First and Fourteenth Amendments.  The effect of the shortened time period for submission, combined with the stay-at-home orders and mandated social distancing arising from COVID-19, made it impossible and unsafe to get additional signatures and to correct any deficiencies or errors that may have occurred.  As is evident, the laws eliminating the opportunity to petition by ballot in the primary election and shortening the allotted time to gather petition signatures were not narrowly tailored to advance a compelling state interest.  As opposed to extending the time period to submit signatures, or removing the "wet" signature requirement (as was done in numerous other states in response to COVID-19), New York incredulously chose to eliminate the opportunity to petition by ballot in the primary election and shorten the time period to gather signatures, while at the same time not making any alteration to the "wet" signature requirement.  The elimination of the opportunity to petition by ballot in the primary election, shortened time period, onerous election law requirements and COVID-19 stay-at-home orders and social distancing, combined to create an unconstitutional burden on Plaintiff's First Amendment rights to have access to the primary ballot for the upcoming congressional election.

63.    By reason of the foregoing, Plaintiff demands judgment on the second cause of action for a declaration: (1) that the elimination of the opportunity to petition by ballot in the primary election and shortened time period for gathering signatures prescribed in Executive Order 202.2 and NY Bills is unconstitutional as a violation of Plaintiff's rights under the First and Fourteenth Amendments of the U.S. Constitution; (2) directing, requiring, and commanding Defendants New York State Board of Elections and Board of Elections in the City of New York to extend the time period required for submission of petitions and corresponding signatures for the

15

primary election to be held on June 23, 2020; (3) due to COVID-19, permitting Plaintiff and all other candidates to submit electronic signatures on all petitions for the primary election to be held on June 23, 2020; and (4) enjoining and restraining the Defendants New York State Board of Elections and Board of Elections in the City of New York from printing, issuing, or distributing for use during the said primary election any and all official ballots used in the 14th Congressional District for the State of New York upon which the name of Plaintiff does not appear as a candidate for the said public office.

WHEREFORE, Plaintiff demands:

a) On the first cause of action, for a declaration: (1) that the elimination of the opportunity to petition by ballot in the primary election and shortened time period for gathering signatures prescribed in Executive Order 202.2 and NY Bills is unconstitutional as a violation of Plaintiff's rights under the First and Fourteenth Amendments of the U.S. Constitution; (2) directing, requiring, and commanding Defendants New York State Board of Elections and Board of Elections in the City of New York to print and place the name of Plaintiff as a candidate for said public office on the official ballots used in the 14th Congressional District for the State of New York at the June 23, 2020 Primary Election; and (3) enjoining and restraining the Defendants New York State Board of Elections and Board of Elections in the City of New York from printing, issuing, or distributing for use during the said primary election any and all official ballots used in the 14th Congressional District for the State of New York upon which the name of Plaintiff does not appear as a candidate for the said public office;

b) On the second cause of action, for a declaration: (1) that the elimination of the

16

opportunity to petition by ballot in the primary election and shortened time period for gathering signatures prescribed in Executive Order 202.2 and NY Bills is unconstitutional as a violation of Plaintiff's rights under the First and Fourteenth Amendments of the U.S. Constitution; (2) directing, requiring, and commanding Defendants New York State Board of Elections and Board of Elections in the City of New York to extend the time period required for submission of petitions and corresponding signatures for the primary election to be held on June 23, 2020; (3) due to COVID-19, permitting Plaintiff and all other candidates to submit electronic signatures on all petitions for the primary election to be held on June 23, 2020; and (4) enjoining and restraining the Defendants New York State Board of Elections and Board of Elections in the City of New York from printing, issuing, or distributing for use during the said primary election any and all official ballots used in the 14th Congressional District for the State of New York upon which the name of Plaintiff does not appear as a candidate for the said public office;

c)   An award of legal fees, applicable interest and costs;

d)   Such other and further relief as the Court deems just and proper.

Dated: White Plains, New York
         May 7, 2020

Respectfully submitted,
THE LAW OFFICE OF
RICHARD ST. PAUL, ESQ., PLLC
Attorneys for Plaintiff Scherie S. Murray

By: *Richard St Paul*
       Richard St. Paul, Esq.
       445 Hamilton Avenue, Suite 1102

White Plains, New York 10601
(914) 517-7568